JOHN A. CREIGHTON REAL ESTATE COMPANY, APPELLANT,
v. CITY OF OMAHA ET AL., APPELLEES.

FILED DECEMBER 29, 1924. No. 22772.

1. **Municipal Corporations: WATER-WORKS: TRANSFER.** A water company owned a franchise to operate a system of waterworks in the city of O. and was thereby authorized to lay and extend its water mains in any part of the city, and the city had power to compel the company to extend its mains, providing the city ordered fire hydrants placed thereon at intervals of not more than 400 feet, and would contract to pay a stipulated annual rental. A private corporation, owning an addition to the city that was not accessible to the water mains, entered into a contract with the water company, whereby the latter extended its water mains into and through the corporation's addition to the city, on condition that the private corporation would advance the cost of extending the mains, such cost to be refunded by the water company to the corporation when the city of O. ordered the extension of the mains and the placing of fire hydrants and entered into a contract to pay stipulated rental. *Held*, that the title to the water mains, laid pursuant to this contract, immediately vested in the water company, and that, on a subsequent sale of its water plant to the city of O., title to such water mains became vested in said city.

2. ———: ———: ———. The provisions in a deed of conveyance, set out in the opinion, and under the circumstances

Creighton Real Estate Co. v. City of Omaha.

therein pointed out, *held* sufficient to indicate that the grantee had therein assumed a certain obligation of the grantor.

3. **Parol Evidence.** Where a provision of a written instrument is fairly susceptible of two constructions, or where the language employed is vague, uncertain or obscure, resort may be had to parol or extrinsic evidence to ascertain its true meaning.

4. **Contracts:** PAYMENTS: CONDITIONS. Where a contract provides for the payment of a sum of money upon the happening of certain contingencies, ordinarily a cause of action will not arise thereon until the conditions have actually happened.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*John P. Breen* and *William H. Herdman,* for appellant.

*John L. Webster* and *W. C. Lambert, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

GOOD, J.

Action by John A. Creighton Real Estate Company against the city of Omaha and the Metropolitan Water District of said city, to recover the amount alleged to be due on three written contracts, entered into between plaintiff and the Omaha Water Company, and which, it is alleged, the defendants have assumed. General demurrers to the petition were sustained and the action dismissed. Plaintiff appeals.

We are required to determine whether the petition states a cause of action. The petition is too lengthy to be set out in this opinion, and we shall attempt to summarize only the material parts thereof.

From the petition it appears that the Omaha Water Company owned a franchise to operate a system of waterworks in the city of Omaha. Under its franchise its was authorized to lay and extend its mains in the streets of the city, and the city had power to require the company to lay and extend its water mains, providing the city ordered fire

hydrants to be placed, at intervals of not more than 400 feet, along such mains, and for which the city would pay a stipulated annual hydrant rental.

In 1903 the city elected to take over the water plant at a price to be ascertained by appraisement. Upon completion of the appraisement in 1905, the city refused to take over the plant, and protracted litigation ensued between the water company and the city in the federal court over the question as to whether the city should be required to take over and pay for the plant at the appraised value. In 1912 a decree was entered requiring the city to take over the plant at the appraised value, and also to pay the further sum of $129,424 for extensions and improvements made to the water plant after the appraisement and pending litigation. This sum did not include the cost of the mains, constructed pursuant to the contracts on which this action is based. During the time of the litigation between the Omaha Water Company and the city of Omaha, the plaintiff in this action laid out Creighton's First and Second additions to the city of Omaha, and which were incorporated in and became a part of the city. Plaintiff desirec a water supply for these additions to the city, but the water company refused to extend its water mains through the additions unless ordered by the city, or unless the cost thereof was advanced to it. The city did not order the extensions. Thereupon, plaintiff entered into three contracts, of like tenor, with the water company, whereby it agreed to advance to the water company the cost of laying and extending the mains through its additions to the city. Each contract contained the following provision: "Said The Omaha Water Company hereby agrees that when the city of Omaha shall by competent authority order the extensions herein provided for and shall order hydrants placed thereon at intervals of not more than 400 feet under an agreement with said The Omaha Water Company to pay rental for such hydrants, said water company will thereupon refund the cost of the construction of said mains to the said John A. Creighton Real

Estate & Trust Company, and shall then become owner of said mains and their appurtenances." These contracts are the ones on which plaintiff seeks to recover, on the theory that the city has assumed the obligations of the Omaha Water Company.

Pursuant to these contracts, the plaintiff paid to the Omaha Water Company the cost of the mains which were laid and extended through the additions, and the actual use and operation thereof passed to the defendants, with the plant, on July 1, 1912, when the Omaha Water Company, pursuant to the decree of the federal court, executed its deed conveying the plant to the city of Omaha. The Metropolitan Water District succeeded to the rights of the city in the management and operation of the water plant, under the provisions of chapter 143, Laws 1913. No fire hydrants had been placed on the mains in question, or order placed, by the city of Omaha, or its successor in interest.

The defendants urge that the petition does not state a cause of action for various reasons, among them: (1) That no cause of action has accrued because the conditions on which the refund was to be made by the Omaha Water Company have never occurred, viz., the ordering and placing by the city of fire hydrants upon the extended mains; (2) that plaintiff's cause of action, if any, accrued on the 1st day of July, 1912, and is barred by the statute of limitations, since the action was not begun until more than four years thereafter; and (3) that the city never assumed the contract obligations of the Omaha Water Company. In this connection it is proper to observe that, although the case was determined on demurrers to the petition, the petition did not set out a copy of the deed from the Omaha Water Company to the city, but it did allege that the city assumed the obligations of the Omaha Water Company. By stipulation of the parties, parts of the contract or deed were read into the record, and considered by the district court in passing upon the demurrers, and are before this court for consideration, the same as though they had been incorporated in the petition.

We will first determine the question as to whether or not the petition shows that the city of Omaha became the owner of the mains which were laid, pursuant to the contracts between the plaintiff and the Omaha Water Company. It is apparent that the plaintiff had no right to enter upon the streets and lay water mains; nor did it do so; but he Omaha Water Company, possessing the right, did enter upon the streets and lay the mains, and they became a part of its water plant. The only thing that the plaintiff did was to advance to the Omaha Water Company the cost thereof, under an agreement for a refund upon the conditions stated. We think it very clear that the title to these mains, when laid, was in the Omaha Water Company.

From excerpts from the deed of the Omaha Water Company to the city, it appears that the descriptive part covers all water mains, hydrants, and appurtenances thereto, of the Omaha Water Company in the cities of Omaha, South Omaha, Florence, the village of Dundee, and places adjacent to the city of Omaha, in the county of Douglas, and all the property, rights and interest of the Omaha Water Company in and to connections between the pipes and mains and the various buildings, structures and enterprises in said cities, and then follows this clause: " It being the purpose and intent of said The Omaha Water Company to convey, assign and transfer thereby to said city of Omaha, pursuant to the purchase elected to be made by said city of Omaha, as aforesaid, the entire system of waterworks operated by the said The Omaha Water Company, wherever located, together with the appurtenances, and all its property and rights in and in respect thereto, except as herein excluded, including the right of said The Omaha Water Company to maintain and operate the same and every part thereof, and to receive the income from the further operation thereof."

From this clause it appears beyond question that each and every part of the system of water mains, owned or operated by the Omaha Water Company, except such as were excluded, were conveyed to the city of Omaha, and

there is nothing in the deed, so far as set out, which shows that the mains in question were excluded. It sufficiently appears that the city of Omaha became the owner of the mains that were laid pursuant to the contracts between plaintiff and the Omaha Water Company; that it and its successor in interest are using and operating them as part of the water system acquired from the Omaha Water Company, and that it has never paid a cent for these mains.

Defendants argue that there is nothing in the deed from the Omaha Water Company to indicate an assumption by its grantee, the city of Omaha, of the grantor's obligation to refund to plaintiff the cost of the mains that were laid pursuant to the contracts between plaintiff and the Omaha Water Company. The following is an excerpt from the deed: "Subject nevertheless to the obligations entered into by said The Omaha Water Company with private consumers in said city of Omaha, * * * all of which obligations are to be assumed by said city of Omaha." Just what obligations the defendant city assumed under this provision of the deed is not quite clear. Defendants argue that it was intended to apply to the individual users of water and had no relation to the contracts under which the mains in question were laid. In determining what effect should be given to this clause, it is proper to consider, not only the language used, but the circumstances and condition of the parties and the subject-matter, so far as disclosed.

When plaintiff entered into the contracts with the Omaha Water Company, it was, in fact, contracting for the purpose of obtaining a supply of water, to be available for use on property owned by it. It was a private corporation, owning a large amount of real estate, and was entering into the contracts so that it might be supplied with water and thereby become a private water consumer, and, in fact, it did become such as soon as the mains were laid and water turned into them. It should also be borne in mind that, by the decree of the federal court, the city of Omaha was liable to the water company for all extensions

of the mains of the water company made after the appraisement, and that by its deed the water company was surrendering and turning over to the city all of its mains, including those in question, and was receiving no compensation for these particular mains. It would seem unreasonable that the water company, when it was entitled to collect from the city the cost of these mains, should surrender them to the city without a cent of consideration, unless it was to be relieved from the obligation of refunding to the plaintiff the cost thereof, and it seems unreasonable that the city should expect to receive and appropriate these mains to its use, amounting in value to many thousands of dollars, without paying anything therefor. Under these circumstances, it appears more reasonable that the parties intended, by the general clause referred to, that the city should assume the obligations of the Omaha Water Company to make refund to the plaintiff, when the condition arose calling for such refund. In any event, we think resort may be had to parol testimony, to ascertain whether the parties so intended the clause to operate as an assumption of the contract obligations under consideration.

That a written instrument is open to explanation by parol or extrinsic evidence, when its meaning is fairly susceptible of two constructions, or where the language employed is vague, uncertain, obscure or ambiguous, is a well-settled principle of law. If any doubt exists as to the meaning of this clause, it may be settled by resort to parol testimony upon the trial of the issues. We entertain the view that sufficient is alleged to indicate that the city did assume the obligations of the Omaha Water Company to make refund to plaintiff upon the happening of the condition which would make such refund due and payable.

Defendants contend that, by the terms of the written contracts, on which this action is based, the conditions have not arisen by which the plaintiff could assert a right against the Omaha Water Company to recover from it the amount advanced as the cost of laying the mains, because (1) the

city has not ordered the water mains extended: (2) the city has not ordered hydrants placed on said water mains; and (3) the city has not agreed to pay rental for said hydrants, as provided for in said contracts. On the other hand, the plaintiff contends that the obligation to pay and the power and ability to mature the obligation having come together in the defendant city, the law matures the debt.

Plaintiff cites, as supporting its contention, *Bleecker v. Bond*, 3 Wash. C. C. (U. S.) 529. In that case the following rule is announced (p. 539): "If one person is bound to pay a sum of money, upon the happening of a particular event, which is prevented by the obligor, it is the same thing as if the event had actually taken place; and the right of the obligee to claim the stipulated sum immediately arises." We have no criticism to make of the rule there announced, but think it inapplicable to the situation existing in the instant case. It is not alleged in this case that the defendants have prevented the happening of the conditions on which a refund would be made to plaintiff. Whether the city would have ordered the extension of the mains and the placing of hydrants, and would have contracted for the payment of hydrant rental, had the water plant remained in the possession of and the property of the Omaha Water Company, is not, and perhaps could not, be shown with certainty.

We are of opinion that until the hydrants have been placed on the mains, or until the city or its successors have wrongfully refused to place the hydrants thereon, no cause of action can accrue. It is not alleged that the city or its successors have been requested to place hydrants on the mains, much less that they have arbitrarily and unjustly refused to so place them. We are of opinion that no cause of action has arisen, and that the action was prematurely brought.

In sustaining the demurrers to the petition, the district court was clearly right. Judgment

AFFIRMED.

Note—See Contracts, 13 C. J. sec. 532; Evidence, 22 C. J. sec. 1570—Waters, 40 Cyc. pp. 774, 782.

The following opinion on motion for rehearing was filed May 23, 1925. *Former opinion vacated, and judgment of district court reversed.*

Municipal Corporations: ASSUMPTION OF CONTRACT: CONDITION: MATURITY OF CONTRACT. Where, for a valid consideration, a municipality has assumed the contract of another person to pay a certain sum upon certain conditions, and where, afterwards, the sole power to perform the conditions is vested in the municipality, and the duty is by law imposed upon it to perform the conditions, then the law will mature the contract to pay, notwithstanding the condition, in fact, has not been fulfilled.

GOOD, J.

An opinion heretofore adopted in this case is reported, *ante,* p. 802, reference to which is made for a general statement of the issues. A rehearing has been allowed and the cause again submitted for further consideration upon a single question, viz.: Had plaintiff's cause of action accrued when the action was brought?

Plaintiff and the Omaha Water Company entered into three written contracts of like tenor, by the terms of which the plaintiff agreed to, and did, advance to the water company the cost of extending its water-mains into and through Creighton's First and Second additions to the city of Omaha which had been platted by plaintiff. Each of the contracts contained the following provision:

"Said The Omaha Water Company hereby agrees that when the city of Omaha shall by competent authority order the extensions herein provided for and shall order hydrants placed thereon at intervals of not more than 400 feet under an agreement with said The Omaha Water Company to pay rental for such hydrants, said water company will there-

upon refund the cost of the construction of said mains to the said John A. Creighton Real Estate & Trust Company."

The mains were extended according to the agreement, and thereafter the city of Omaha purchased the system of water-works theretofore owned by the water company and, as heretofore held, assumed the obligation of these contracts. No hydrants were ever placed upon the mains, and, since the city had purchased the plant, of course no contracts were made with the water company to pay rentals. In the former opinion the view was taken that, until the hydrants were actually placed, or the city had wrongfully refused to install hydrants, no cause of action would accrue.

One of plaintiff's contentions is that the contract obligation was matured by the provisions of section 3760, Comp. St. 1922. This statute was enacted in 1913, which was after the making of the contracts involved in this action and after the city of Omaha had, by purchase, acquired the water plant previously owned by the Omaha Water Company. The part of said section 3760, pertinent to the present inquiry, is as follows:

"Said metropolitan water districts shall maintain free of charge the number of hydrants heretofore established for fire protection in the streets of municipalities constituting said district, and in addition thereto shall maintain 'regular' fire hydrants approximately four hundred feet apart on service mains in the streets of said municipalities not now equipped therewith."

The Metropolitan Water District, mentioned in the statute quoted above, is a municipal corporation created by statute to control and operate the water plant owned by the city of Omaha. In our former opinion no attention was given to this statute, because, while mandatory in terms, it was believed to be directory only, and did not impose the obligation to install or maintain fire hydrants except when and where there was a real need of such hydrants for fire protection. We are still inclined to that view. But it is alleged in the petition that—

"Creighton's First addition comprises 11 blocks, subdivided into 210 lots; that since the platting of same and prior to the filing of the petition more than 150 residence houses have been erected on said lots and more than 150 families now reside in the houses in said addition; that the houses so erected are located generally throughout said addition; that said houses and contents are of a value amounting to several hundred thousands of dollars, and the same and the families occupying said houses, by reason of the failure and neglect of the defendants to locate and establish water or fire hydrants on the water-mains laid and extended in and through said addition pursuant to the said contracts between this plaintiff and said water company, are wholly without adequate protection from fire. * * * Creighton's Second addition comprises 6 blocks, subdivided into 88 lots; that, since the platting of same and prior to the filing of this petition, more than 50 residence houses have been erected on said lots and more than 50 families now reside in the houses in said addition; that the houses so erected are located generally throughout said addition; that said houses and contents are of a value amounting to several hundred thousands of dollars."

This is followed by allegations similar to those quoted relating to Creighton's First addition.

A majority of the court are of the opinion that the facts alleged are sufficient to clearly show an actual and real need for the installation and maintenance of hydrants for fire protection in Creighton's First and Second additions to the city of Omaha, and that, under the circumstances, the above quoted statute imposes on defendants the duty of installing fire hydrants on the water-mains laid pursuant to the contracts between plaintiff and the Omaha Water Company, and that the facts alleged show that defendants are wrongfully neglecting to perform the duty imposed by statute. If the conclusions arrived at are correct, then it follows that the power and the duty are in defendants to mature the obligation to refund the cost of the mains to plaintiff. To hold that the obligation to refund has not ma-

tured would be to permit the defendants to take advantage of their own wrong, and thereby defeat a just obligation. Neither good morals nor law will sanction such a course.

The court is of the opinion that the petition states a cause of action, and that the demurrer should be overruled. Our former opinion, in so far as it conflicts with the views herein expressed, is vacated.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED.